WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—February, 1888.

TODD v. DIBBLE.

*In the matter of the probate of the will of* MARY MASTERTON, *deceased.*

The *interest* which will render a person incompetent to "be examined as a witness" (under the rule established by Code Civ. Pro., § 829), as to conversations with the decedent, upon an application for the probate of a will, must be a present, certain and vested one; an interest uncertain, remote or contingent is not a ground of exclusion.

Hobart v. Hobart, 62 *N. Y.*, 80—followed.

Upon an application for the probate of a will, it appeared that M., the decedent, and C. were two unmarried sisters who had lived for years together, owning and enjoying certain property in common. The alleged will dated August, 1878, gave the bulk of the estate to C., for life, with remainder to the family of T., who was nominated executor, and was one of the subscribing witnesses. Subsequently C., being the sole heir and next of kin of decedent, apparently ignorant of the existence of the will of M., obtained letters of administration upon her estate, sold certain of the real property affected, and died, leaving a will whereby she bequeathed $1,000 to T., who was called as a witness by contestant, and asked to state conversations, had by him with M.,

bearing on the subject in controversy.  Upon objection that T. was disqualified by *interest*, since the admission of M.'s will would, in effect, deprive him of the legacy bequeathed by C.,—

*Held*, that he was competent to answer.

THIS was a proceeding to prove a paper propounded for probate as the last will and testament of Mary Masterton, bearing date August 9, 1878. She had a sister, Caroline Masterton, both of whom were maiden ladies residing at Tarrytown together, and owning and enjoying more or less real and personal estate wholly, or in part, in common. The alleged will was executed by Mary at Albany while she was on a visit to her cousin, Robert F. Todd, and his family. Other than her sister, she had no nearer relatives than cousins.

She died at Tarrytown in 1883, shortly after which event, Caroline, being the only heir-at-law and next of kin, and apparently ignorant of the existence of a will, applied for and obtained letters of administration of the estate. She at once took possession, and sold and conveyed some of the real estate, all of which proceedings were known to Robert F. Todd, the person who wrote Mary's will, by which the bulk of the estate was devised and bequeathed to Caroline for life, with remainder to his family, and in which he was named as executor, and to which he was one of the subscribing witnesses. Subsequently, Caroline made an alleged will disposing of her whole estate, including the portion she claimed to have received as such heir and next of kin of Mary, and died in 1887. Shortly thereafter, Mary's will was offered for probate, whereupon

Caroline's was offered with a like view. Objections were filed to both, and testimony taken.

This case was now submitted, while the other one was still pending. In this case the Rev. John A. Todd, D. D., who was named as a legatee in Caroline's will to the extent of $1,000, was called as a witness by the contestant, and, among other things, was asked to state certain conversations he had had with Mary bearing upon the subject of the controversy. This was objected to, on the ground that he was incompetent by reason of interest in the result, under § 829 of the Code, as the admission of Mary's will to probate would, in effect, deprive him of the legacy given him by Caroline. The evidence was taken subject to the objection.

L. T. YALE, *for proponent.*

ROBERT F. TODD, and J. S. MILLARD, *for Harriet Dibble, heir-at-law.*

THE SURROGATE.—Although it may have little bearing upon the final result of this case, it is proper that, in the outset, the objection to the testimony of the Rev. Doctor Todd, should be considered and disposed of. It seemed to be conceded that, if this will were established, he would be deprived of his legacy under Caroline's will; but the latter is contested, and it is yet uncertain whether it will be admitted to or refused probate. This element of uncertainty rendered him competent to testify to Mary's declarations. To render him incompetent, his interest must be a present, certain and vested one, and not an interest uncertain, remote, or contingent (Hobart v. Hobart, 62 *N. Y.*,

80).    The objection taken is, therefore, overruled, and the testimony is received as taken.    Any declarations made by Caroline, in the absence of Mary, must be disregarded, and it was so stated during the progress of the case.

It is not proposed here to enter into a minute examination of the testimony bearing upon the merits of the case, nor to pass judgment upon the amount of faith to be reposed in the somewhat remarkable evidence given by the proponent himself.    In spite of the mists in which it is shrouded by his testimony, by the aid of other facts it seems very clear that the will in question was properly executed by a competent testatrix.    By some of her letters and by oral evidence, it appears that she wished the fact of her having made a will to be kept from the knowledge of her sister. Her subsequent declarations in Caroline's presence of an intention to make a will, and of the disposition she would make of certain articles, were evidently intended to confirm her sister in the belief that none had been made.    It is unimportant, perhaps, to know what her reasons therefor were, nor is it needful to speculate upon the effect a contrary course might have had in the way of avoiding litigation.

The usual decree admitting the will to probate will be entered, with costs to the proponent out of the fund.